### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROGER G. KORNEGAY**, | : | **CIVIL ACTION NO. 1:11-CV-2344** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN DAVID J. EBBERT**, | : | |
| | : | |
| **Respondent** | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241 (Doc. 1) and memorandum in support (Doc. 2) filed by petitioner

Roger G. Kornegay ("Kornegay"), a federal inmate presently incarcerated at the

Federal Correctional Institution at Allenwood ("FCI-Allenwood"), White Deer,

Pennsylvania.  (Doc. 1.)  The petition is ripe for disposition and, for the reasons that

follow, will be denied.  In addition, Kornegay filed a motion for a temporary

restraining order (Doc. 7), which will also be denied.

## I.    Background

Kornegay is presently serving a twenty-four-month sentenced imposed on

July 20, 2011, by the United States District Court for the District of Nebraska for

violating the terms of his supervised release.  (Doc. 1, at 2; see also electronic

docket, USA v. Kornegay, 8:07-CR-0430 found at https://ecf.ned.uscourts.gov.)  He is

seeking relief on the ground that he is "being denied a 'pre-transfer extradition'

hearing in accordance with Cuyler v. Adams 449 U.S. 433."  (Doc. 1, at 3.)  In

support of his request, he states the following:  "On 11/3/11 I filed with the Warden a

'Cop-out' requesting a 'pre-transfer' extradition hearing and appointment of counsel to contest the extradition in regards to the Form V 'Request for Temporary Custody' filed by Pender County, NC authorities." (Doc. 1, at 4.)  On November 11, 2011, Warden Ebbert notified Kornegay that "[a]ccording to Program Statement 5130.06, Detainers and the Interstate Agreement on Detainers Act, under the provisions of Article IV(a), the Warden has up to 30 days to approve or disapprove the state's request for temporary custody.  After reviewing all pertinent documentation, I hereby grant the state's request for temporary custody." (Doc. 2, at 5.)

He also seeks a temporary restraining order preventing the BOP from turning him over to North Carolina authorities before a pre-transfer extradition hearing can be held.  (Doc. 7, at 1.)

**II.   Discussion**

The Supreme Court has held as a matter of federal law "that prisoners transferred pursuant to the provisions of [Article IV of the Interstate Agreement on Detainers ("IAD")] are not required to forfeit any pre-existing rights they may have under state or federal law to challenge their transfer to the receiving state." Cuyler v. Adams, 449 U.S. 433, 450 (1981).  Those rights "include the procedural protections of the [Uniform] Extradition Act (in those states that have adopted it), as well as any other procedural protections that the sending State guarantees persons being extradited from within its borders." Id. at 448.  Although the United States may be a sending "state" under the IAD, 18 U.S.C. App. § 2, Article II9A) (1970), it is not a

party to the Uniform Extradition Act.  Wilson v. Fenton, 684 F.2d 249 (3d Cir. 1982.)

Consequently, the protection of the pre-transfer hearing under Section 10 of the Act

is not applicable to Kornegay, a federal prisoner.  See id. at 252.

Further, Bureau of Prisons Program Statement 5800.15, Correctional

Systems Manual, states that "if an inmate says that his or her rights have been

violated under the IAD, the inmate will be advised to contact the state authorities or

his or her  attorney.  The Bureau does not decide the validity of the detainer or

violation of any IAD provision.  All detainers remain in full force and effect, unless

and until the charges from the 'receiving state' are dismissed and/or the receiving

state authorizes, in writing, the removal of the detainer."  See http://www.bop.gov/

DataSource/execute/dsPolicyLoc.  Therefore, Kornegay must seek relief from the

state of North Carolina.

## III.   Conclusion

Based on the foregoing the petition for writ of habeas corpus (Doc. 1) and

motion for temporary restraining order (Doc. 7) will be denied.


                                     S/ Christopher C. Conner
                                     CHRISTOPHER C. CONNER
                                     United States District Judge


Dated:        February 29, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROGER G. KORNEGAY,** | : | **CIVIL ACTION NO. 1:11-CV-2344** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN DAVID J. EBBERT,** | : | |
| | : | |
| **Respondent** | : | |

## <u>ORDER</u>

AND NOW, this 29th day of February, 2012, upon consideration of the

petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the

accompanying memorandum, it is hereby ORDERED that:

1.    The petition for writ of habeas corpus (Doc. 1) is  DENIED.

2.    The motion for temporary restraining order (Doc. 7) is DENIED.

3.    The Clerk of Court is directed to CLOSE this case.


     S/ Christopher C. Conner
     CHRISTOPHER C. CONNER
     United States District Judge