# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROGER G. KORNEGAY**, | : | CIVIL ACTION NO. 1:11-CV-2344 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN DAVID J. EBBERT**, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and memorandum in support (Doc. 2) filed by petitioner Roger G. Kornegay ("Kornegay"), a federal inmate presently incarcerated at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), White Deer, Pennsylvania.  (Doc. 1.)  The petition is ripe for disposition and, for the reasons that follow, will be denied.  In addition, Kornegay filed a motion for a temporary restraining order (Doc. 7), which will also be denied.

**I.    Background**

Kornegay is presently serving a twenty-four-month sentenced imposed on July 20, 2011, by the United States District Court for the District of Nebraska for violating the terms of his supervised release.  (Doc. 1, at 2; see also electronic docket, USA v. Kornegay, 8:07-CR-0430 found at https://ecf.ned.uscourts.gov.)  He is seeking relief on the ground that he is "being denied a 'pre-transfer extradition' hearing in accordance with Cuyler v. Adams 449 U.S. 433."  (Doc. 1, at 3.)  In support of his request, he states the following:  "On 11/3/11 I filed with the Warden a

'Cop-out' requesting a 'pre-transfer' extradition hearing and appointment of counsel to contest the extradition in regards to the Form V 'Request for Temporary Custody' filed by Pender County, NC authorities." (Doc. 1, at 4.) On November 11, 2011, Warden Ebbert notified Kornegay that "[a]ccording to Program Statement 5130.06, Detainers and the Interstate Agreement on Detainers Act, under the provisions of Article IV(a), the Warden has up to 30 days to approve or disapprove the state's request for temporary custody. After reviewing all pertinent documentation, I hereby grant the state's request for temporary custody." (Doc. 2, at 5.)

He also seeks a temporary restraining order preventing the BOP from turning him over to North Carolina authorities before a pre-transfer extradition hearing can be held. (Doc. 7, at 1.)

## II. Discussion

The Supreme Court has held as a matter of federal law "that prisoners transferred pursuant to the provisions of [Article IV of the Interstate Agreement on Detainers ("IAD")] are not required to forfeit any pre-existing rights they may have under state or federal law to challenge their transfer to the receiving state." Cuyler v. Adams, 449 U.S. 433, 450 (1981). Those rights "include the procedural protections of the [Uniform] Extradition Act (in those states that have adopted it), as well as any other procedural protections that the sending State guarantees persons being extradited from within its borders." Id. at 448. Although the United States may be a sending "state" under the IAD, 18 U.S.C. App. § 2, Article II9A) (1970), it is not a

party to the Uniform Extradition Act.  Wilson v. Fenton, 684 F.2d 249 (3d Cir. 1982.) Consequently, the protection of the pre-transfer hearing under Section 10 of the Act is not applicable to Kornegay, a federal prisoner.  See id. at 252.

Further, Bureau of Prisons Program Statement 5800.15, Correctional Systems Manual, states that "if an inmate says that his or her rights have been violated under the IAD, the inmate will be advised to contact the state authorities or his or her attorney.  The Bureau does not decide the validity of the detainer or violation of any IAD provision.  All detainers remain in full force and effect, unless and until the charges from the 'receiving state' are dismissed and/or the receiving state authorizes, in writing, the removal of the detainer."  See http://www.bop.gov/DataSource/execute/dsPolicyLoc.  Therefore, Kornegay must seek relief from the state of North Carolina.

## III.   Conclusion

Based on the foregoing the petition for writ of habeas corpus (Doc. 1) and motion for temporary restraining order (Doc. 7) will be denied.


      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge


Dated:        February 29, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROGER G. KORNEGAY,** | : | **CIVIL ACTION NO. 1:11-CV-2344** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **WARDEN DAVID J. EBBERT,** | : | |
| **Respondent** | : | |

## **ORDER**

AND NOW, this 29th day of February, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. The motion for temporary restraining order (Doc. 7) is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

                                                  S/ Christopher C. Conner  
                                                  CHRISTOPHER C. CONNER  
                                                  United States District Judge